Daniel, J.
 

 First; were the two colored persons, who were offered by the defendants to prove the admissions of Hannah Ragland,competent witnesses? We are ofthe opinion that they were competent. In the case of
 
 The King
 
 v.
 
 the Inhabitants of Hardwick,
 
 11 East. 589, it was decided, that when a suit is pending against a great number of persons) who have a common interest in the decision, a declaration made by one of the persons concerning a material fact within his own knowledge, is evidence against'him and all the other parties with him in the suit; because as he is not liable to be called upon to give evidence upon oath of the fact, being a party to the suit, his declaration of it must be evidence for the opposite party. In
 
 McRainy
 
 v.
 
 Clark,
 
 N. C. Term R. 278, it was held that, where the executors and devises are regularly made parties plaintiffs to an issue of
 
 devisavit vel non,
 
 the declarations of some of them were to be
 
 *565
 
 received. The act oí Assembly (IRev. St. c. 31, s. 81,) bles people of color, within certain degrees, from being nesses, except against each other. The defendants are people of color; and the plaintiff Ragland, whose admissions are sought to be given in evidence, is also a woman of color. We think that the witnesses were competent to give evidence of
 
 her
 
 admissions and declarations. It comes within the exception in the statute; and the circumstance that Arey, a co-plaintiff, might be incidentally affected by such evidence, was not sufficient to exclude them. The evidence should have been received and the jury would judge what it was worth.
 

 Secondly.
 
 The act of Assembly ¡'Rev. St. c. 122, s. 1,) declares that no will or testament shall be good or sufficient, in law or equity, to convey or give any estate in lands, &c., unless such last will shall be
 
 subscribed in the presence of the testator
 
 by
 
 two
 
 witnesses at least. This will was not subscribed by
 
 two
 
 witnesses in the
 
 presence of the testator.
 
 Much argument has been urged upon us by the plaintiffs’ counsel, to bring this case within the meaning of the act; but we think it was the meaning of the Legislature, that the heirs at law should not be disinherited, but by a strict compliance with the words of the act, and that the door to fraud should be completely shut. The charge of the Judge was therefore right on this branch of the case.
 

 Thirdly.
 
 In all actions whatever, the party, in whose fa vor judgment shall be given, shall be entitled to full costs unless otherwise directed by statute. Rev. St. c. 31, s. 79. The plaintiffs, having prevailed upon the
 
 issue
 
 in the. Superior Court, although to a less extent thau they had in the County Court, were nevertheless entitled to full costs. If the defendants had appealed from so much of the judgment in the County Court, as related to the due execution of the will as a will of lands, and permitted it to have been proved as to the personal estate, then the costs in the Superior Court would have followed the judgment in that court.
 

 Pee Curiam, Judgment reversed and a new trial awarded.